IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PAULIASI FINAU, A# 089-490-152 PETITIONER

V. CIVIL NO. 5:26-cv-407-DCB-BWR

WARDEN, ET AL. RESPONDENTS

FINAL ORDER REQUIRING PETITIONER TO COMPLY
OR THIS CASE WILL BE DISMISSED

Pro se Petitioner Pauliasi Finau ("Petitioner"), a detainee housed at the Adams County Correctional Center in Natchez, Mississippi, brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court ordered [5] Petitioner to complete habeas corpus forms, which Petitioner did, but he typed his name on the declaration page as opposed to signing his Petition [6]. Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Court*[1] requires a petition to be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 11 (requiring litigant to sign all documents he submits to the Court for filing).

The Court provided Petitioner with a second opportunity to correct his deficient Petition. On June 3, 2026, the Court entered an Order [7] directing Petitioner, on or before June 17, to sign the declaration page of his Petition [6] and file it with the Clerk of Court. The Order directed the Clerk of Court to mail a copy of the Order and a copy of the Petition [6] to Petitioner at his address of record. A Response [8] was filed on Petitioner's behalf that

[1] "A district court may apply any or all of the rules governing § 2254 habeas petitions to those cases filed pursuant to § 2241." *Reyes-Gonzalez v. Driver*, No. C-05-248, 2005 WL 1669830, at *2 (S. D. Tex. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

is not a signed version of the declaration page of his Petition. Instead, the Response [8], mailed from an out-of-state address, contains Petitioner's name typed in place of his signature. As explained above and in prior Orders of this Court, a habeas petition must be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 11.

On July 9, 2026, the Court entered an Order to Show Cause [9] directing Petitioner to show cause why this case should not be dismissed for his failure to comply. The Show Cause Order also directed Petitioner to comply on or before July 23, 2026. Petitioner did not respond to the Order to Show Cause nor did he file a signed declaration for his Petition. Instead, the Court received a copy of an unsigned declaration that was originally filed as an Attachment [8-1] with the Court prior to the entry of the Order to Show Cause [9]. *See* Declaration [11] filed July 20, 2026 (copy of doc. [8-1] filed June 15, 2026).

On August 10, the Court entered a Final Order to Show Cause [12] directing Petitioner to comply by August 20, 2026. Petitioner did not submit a signed Petition as directed by the Court's prior Orders. Instead, Petitioner's wife filed a Response [13] seeking additional time for Petitioner to comply. Since Petitioner is proceeding pro se, the Court will provide him with **one final opportunity** to correct his deficient Petition prior to the dismissal of this case. Accordingly, it is hereby,

ORDERED that, on or before **September 9, 2026**, Petitioner shall file a written response showing cause why this case should not be dismissed for his failure to comply with four Court Orders [5],[7],[9],[12].

IT IS FURTHER ORDERED that, on or before **September 9, 2026,** Petitioner shall sign the declaration page of his Petition [6] and file it with the Clerk of Court or this case will

be dismissed.

The Court warns Petitioner that his failure to advise this Court of a change of address or his failure to timely comply with this Order or any Order of this Court will result in the dismissal of this case.

THIS the 26th day of August, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE